UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DURGAPRASAD SHANMUGAM,<br>Plaintiff,<br>v.<br>SHEIKHA HIND SUHAIL AL MUKHAINI BAHWAN, et al.,<br>Defendants. | Case No. 26-cv-02342-NW<br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br>Re: ECF No. 43 |

Before the Court is Plaintiff Durgaprasad Shanmugam's motion remand his case to Santa Clara County Superior Court for lack of federal subject matter jurisdiction under 28 U.S.C. § 1332. Having considered the parties' briefing, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to remand.

## I. BACKGROUND[1]

Plaintiff is the co-founder, shareholder, and the former Group Chief Executive Officer of the Bahwan CyberTek Group, a global technology enterprise that provides technology systems to businesses across fifty countries. ECF No. 12-1 ¶ 3; ECF No 40-1 ¶ 2. Until recently, Plaintiff was employed by Defendant Bahwan CyberTek LLC ("BCT LLC"), a subsidiary of the Bahwan CyberTek Group. ECF No. 12-1 ¶¶ 3–4; ECF No 40-1 ¶ 2. Plaintiff worked for BCT LLC in Oman starting around 2000, and then from its U.S. subsidiaries' offices in Santa Clara, California starting in 2021. ECF No. 12-1 ¶ 4; ECF No 40-1 ¶ 15, 21.

Plaintiff brings various tort, contract, and statutory claims under California law. His claims arise from a December 19, 2025 meeting in Dubai, UAE, with Defendant Sheikha Hind

[1] The facts are taken from Plaintiff's complaint unless otherwise indicated. ECF No. 1-2 (copy of state court complaint attached to notice of removal).

Suhail Al Mukhaini Bahwan ("Hind"), the co-founder and chairperson of the Bahwan Cybertek Group. ECF No. 40-1 ¶¶ 45–56. Plaintiff contends that, during this December 19 meeting, Hind coerced him into resigning his position and his interest in the Bahwan CyberTek Group. *Id.* ¶¶ 50–54.

Plaintiff brings his claims against Defendants BCT LLC; Hind; and two U.S. subsidiaries of the Bahwan Cybertek Group, Bahwan CyberTek, Inc. ("BCT, Inc.") and dt360, Inc. (collectively "the BCT Entity Defendants").

This case has multiple foreign connections. Defendant Hind resides in and is a citizen of Oman. Defendant BCT LLC is incorporated in, and its principal place of business is in Oman. ECF No. 12-1 ¶ 4. Defendants BCT, Inc., and dt360, Inc., are both incorporated in Delaware and share a principal place of business in Massachusetts. ECF No. 16 at 2–3.

For his part, Plaintiff is a citizen of India. ECF No. 12-1 ¶ 4; ECF No 43 at p. 7 ("For purposes of this Court's jurisdiction inquiry, DP is a foreign national."). Plaintiff has been a lawful permanent resident of the United States since 2008 and has lived in California since 2021. ECF No. 40-1 ¶¶ 10, 15–16.

Plaintiff originally filed his complaint in Santa Clara County Superior Court on February 4, 2026. ECF Nos. 1, 1-2. Defendants removed the case to this District on March 8, 2026, arguing that the Court has diversity subject matter jurisdiction because "Plaintiff alleges that he is 'a United States lawful permanent resident residing in California,'" and is suing both foreign and U.S. citizen parties. ECF No. 1 ¶ 3.

Defendants then moved to dismiss the case under the doctrine of *forum non conveniens*, for lack of personal jurisdiction, and for failure to state claims upon which relief can be granted as to the two U.S. subsidiary defendants. ECF No. 12. Plaintiff opposed, and Defendants filed a reply. ECF Nos. 40, 42.

Separately, Plaintiff moved to remand this case to state court. ECF No. 43. The motion to remand is fully briefed. ECF Nos. 52, 53.

## II. LEGAL STANDARD

### A. Threshold Jurisdictional Questions

Because a motion to remand presents "a threshold jurisdictional question," the Court must "decide it first," before addressing a motion to dismiss. *Lowry v. Barnhart*, 329 F.3d 1019, 1022 (9th Cir. 2003) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)); *see also Munoz v. Mabus*, 630 F.3d 856, 860 (9th Cir. 2010) ("[Courts] have an independent obligation to address subject matter jurisdiction before turning to the merits of the case.").

While "the Supreme Court has given district courts discretion to resolve other issues before a jurisdictional issue where resolving a jurisdictional issue first might prove burdensome," there is no such burden here. *Sinochem*, 549 U.S. at 425. "[A]lthough Defendant[s] filed [their] motion[] before Plaintiff's Motion to Remand, the Court considers Plaintiff's motion first because if the Court lacks jurisdiction, it also lacks the authority to decide Defendant[s'] motions to dismiss . . . ." *Stoff v. Wells Fargo Bank, N.A.*, No. 321CV00793BENKSC, 2021 WL 5449036, at *4 (S.D. Cal. Nov. 22, 2021).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Guan v. Bi*, No. 13-CV-05537-WHO, 2014 WL 953757, at *2 (N.D. Cal. Mar. 6, 2014) (quoting *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)).

### B. Diversity Jurisdiction

"Section 1332(a)(2) [of chapter 28 of the U.S. Code] grants district courts original jurisdiction over civil actions with an amount in controversy exceeding $75,000 between 'citizens of a State and citizens or subjects of a foreign state.'" *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1238 (9th Cir. 2022) (quoting *Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) (citing *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983)). But "[i]t has long been established that '[d]iversity jurisdiction does not encompass foreign plaintiffs suing foreign defendants.'" *Id.*; *see also Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) (requirement of complete diversity

not fulfilled when foreign litigants were present on both sides of litigation and were not merely additional parties). In such a case, the presence of U.S. citizens as additional defendants does not salvage diversity jurisdiction. *See Faysound*, 878 F.2d at 294 (presence of citizen defendant does not save jurisdiction as to alien defendant in action brought by alien plaintiff).

"Section 1332(a)(3), by contrast, does confer jurisdiction over suits in which aliens are on both sides of the case, but only if there are also diverse U.S. citizens on both sides." *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir.), cert. denied, 145 S. Ct. 158 (2024); 28 U.S.C. § 1332(a)(3). When non-citizens are on both sides of the case, and one side has no party with U.S. citizenship, "the law is well-established that diversity jurisdiction cannot lie." *Digital Media Sols., LLC v. Zeetogroup, LLC*, No. 3:22-CV-01184-AHG, 2024 WL 1268164, at *4 (S.D. Cal. Mar. 25, 2024) (collecting cases).

## III. DISCUSSION

Here, the Court addresses Plaintiff's motion to remand before considering Defendants' motion to dismiss, because it presents a threshold jurisdictional question that is not burdensome to address at the outset. *Lowry*, 329 F.3d at 1022.

The parties agree that Plaintiff is a citizen of India and has no U.S. citizenship, though he lives in California as a lawful permanent resident of the United States. *See* ECF No. 12 at 1; ECF 43 at 5. The parties also agree that Defendants BCT LLC and Hind are citizens of Oman, and that Defendants BCT, Inc., and dt360, Inc., are U.S. citizens. *See* ECF No. 12 at ECF No. 45 at 5.

But the parties disagree as to whether 28 U.S.C. § 1332(a) gives the Court subject matter jurisdiction over a case where, as here, a lawful permanent resident who is not a U.S. citizen appears on one side, and both foreign citizens and U.S. citizens appear on the other. The Court concludes the answer is no; there is no diversity jurisdiction in the present case.

The Ninth Circuit has made clear that a lawful permanent U.S. resident, who is not a citizen of the United States, is not a "citizen" for the purposes of § 1332(a). *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("To be a citizen of a state, a natural person must first be a citizen of the United States."); *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) ("To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the

United States, and (b) be domiciled in a state of the United States."). Here, Plaintiff is not a United States citizen and therefore cannot be a citizen of California for the purposes of § 1332(a).

Defendants argue that subsection 1332(a)(3) vests the Court with diversity jurisdiction in this case because Congress's 2011 amendment of § 1332(a) did not explicitly exclude lawful permanent residents from the definition of "citizens of different States" in subsection (a)(3), as it did in subsection (a)(2). ECF No. 52 at 10–13. Under Defendants' reading, a lawful permanent resident *would not* be a "citizen of a State" under subsection (a)(2), but *would* be a "citizen of [a] State[]" under subsection (a)(3). Consistent with other courts in this Circuit, the Court disagrees with Defendants' argument.

In its 2011 amendment to section 1332(a), Congress struck the "deeming" clause, which previously stated that, for the purposes of section 1332, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the state in which such alien is domiciled." Pub. L. No. 112-63, § 101, 125 Stat. 758, 758 (2011). The 2011 amendment also added an exception to subsection 1332(a)(2), which clarifies that "the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." *Id.*; 28 U.S.C. § 1332(a)(2). Defendants argue that the 2011 amendment's failure to add a similar exception to subsection (a)(3) preserved "the previous framework in which lawful permanent residents could be 'citizens of a State' under that separate subsection." ECF No. 52 at 11–12. But Congress's omission cannot be analyzed in a vacuum – in the same amendment, Congress struck the deeming clause from the whole statute, clearly intending to remove "alien[s] admitted to the United States for permanent residence" from the meaning of the term "citizen" from all subsections of 1332(a).

Other courts in this Circuit have similarly concluded that after the 2011 amendment of § 1332(a), a lawful permanent resident of the U.S. is not a "citizen" for the purposes of diversity jurisdiction. *See, e.g.*, *Guan*, 2014 WL 953757, at *6 ("In an effort to avoid the increased exercise of diversity jurisdiction, the 2011 amendment eliminated language stating that a permanent resident is deemed a citizen of the state in which he is domiciled. Analyzed properly, this case

involves an alien and a United States citizen on one side and aliens on the other side. There is no complete diversity of citizenship and, without an independent ground for jurisdiction, I cannot hear this case."); *Soltani v. Jaguar Land Rover N. Am., LLC*, No. CV2183284SJOJCX, 2018 WL 6133695, at *1 (C.D. Cal. May 1, 2018) ("Importantly, mere residence in the United States—even permanent residence, i.e. a "green card"—is an insufficient basis for diversity jurisdiction."); *Polunin v. Fedotov*, No. CV 16-00664 HG-KSC, 2017 WL 1179941, at *4 (D. Haw. Mar. 29, 2017) (no diversity jurisdiction in suit between citizens of Russia on one side and permanent U.S. resident residing in Hawaii on the other). This Court agrees.

## IV. CONCLUSION

The Court GRANTS Plaintiff's motion to remand on the grounds that the Court lacks subject matter jurisdiction to adjudicate his claims. 28 U.S.C. § 1447(c). Accordingly, Defendants' motion to dismiss, Plaintiff's motion for service by other means, and related sealing motions (ECF Nos. 12, 13, 14, 38, 41, 45, 46 and 51) are DISMISSED as moot. All provisionally sealed documents will be maintained under seal.

This action is REMANDED to Santa Clara Superior Court.

**IT IS SO ORDERED.**

Dated: September 21, 2026

Noël Wise
United States District Judge